UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DEYSI CARBAJAL                                                    CIVIL ACTION

VERSUS                                                            NO. 24-2894

SP+ CORPORATION                                                   SECTION M (2)
f/k/a BAGS, INC., *et al.*

## ORDER & REASONS

Before the Court is a motion to remand filed by plaintiff Deysi Carbajal.[1]  Defendants SP+ Corporation f/k/a Bags, Inc. ("SP+"), Jacqueline Holmes, Leonoria Nash, and Rosaura Castillo (collectively, "Defendants") respond in opposition,[2] and Carbajal replies in further support of her motion.[3]  Having considered the parties' memoranda, the record, and the applicable law the Court issues this Order & Reasons granting the motion to remand, but denying Carbajal's request for attorney's fees.

## I.   BACKGROUND

This is a personal injury case.  On November 19, 2023, Carbajal, who is wheelchair bound, arrived at the Louis Armstrong New Orleans International Airport as a passenger on a Spirit Airlines flight.[4]  Carbajal alleges that Holmes, Nash, and Castillo, who were all employed by SP+, were escorting her to the ground floor of the airport concourse via escalator when they lost control of the wheelchair and flipped Carbajal forward out of the chair and to the bottom of the escalator, causing her to sustain injuries.[5]  Carbajal filed this suit in the 24th Judicial District Court, Parish

---

[1] R. Doc. 9.
[2] R. Doc. 13.
[3] R. Doc. 14.
[4] R. Doc. 1-1 at 4.
[5] *Id.*

of Jefferson, State of Louisiana, alleging that the negligence of Holmes, Nash, and Castillo caused the accident and that SP+ was negligent in its hiring, supervision, and training of its employees.[6] Defendants removed the case to this Court asserting diversity subject-matter jurisdiction under 28 U.S.C. § 1332.[7]

## II. PENDING MOTION

Carbajal moves to remand this case to state court, arguing that removal was improper under the forum-defendant rule, 28 U.S.C. § 1441(b)(2), because the properly joined forum-defendants (Louisiana citizens Holmes, Nash, and Castillo) were all served at the time of removal.[8] She also seeks attorney's fees for Defendants' purportedly improper removal.[9]

In opposition, Defendants argue that the forum-defendant rule does not apply because Holmes, Nash, and Castillo were improperly joined.[10] Defendants contend that Carbajal's complaint does not contain sufficient allegations to establish that SP+, or its employees, owed her a duty, or that SP+ delegated any such duty to Holmes, Nash, and Castillo.[11] Defendants also argue that Carbajal is not entitled to an award of attorney's fees because they had an objective basis – improper joinder of the in-state defendants – for removal.[12]

Carbajal replies in further support of her motion, contending that the three Louisiana defendants were properly joined because their negligence caused the accident, rendering them subject to liability.[13] She also argues that her pleadings are sufficient to put Defendants on notice

---

[6] *Id.*
[7] R. Doc. 1 at 3. It is undisputed that complete diversity exists and the amount in controversy is satisfied. *Id.* at 3-6.
[8] R. Doc. 9-1 at 1-3.
[9] *Id.* at 3-4.
[10] R. Doc. 13.
[11] *Id.* at 3-6.
[12] *Id.* at 6-7.
[13] R. Doc. 14 at 1-2.

of her claims.[14]  Further, Carbajal points out that Defendants did not mention improper joinder in their notice of removal.[15]  Finally, Carbajal argues that she should be awarded the attorney's fees she incurred due to the improper removal.[16]

### III.    LAW AND ANALYSIS

A defendant may remove from state court to the proper United States district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  "A federal district court has subject matter jurisdiction over a state claim when the amount in controversy is met and there is complete diversity of citizenship between the parties."  *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing 28 U.S.C. § 1332(a)).  Because federal courts have only limited jurisdiction, the removal statute is strictly construed, and any doubts or ambiguities are resolved against removal and in favor of remand.  *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The party seeking removal has the burden of establishing "that federal jurisdiction exists and that removal was proper."  *Manguno*, 276 F.3d at 723.

The forum-defendant rule is a procedural, not jurisdictional, bar to removal.  *Tex. Brine Co., L.L.C. v. Am. Arb. Ass'n, Inc.*, 955 F.3d 482, 485 (5th Cir. 2020) (citing *In re 1994 Exxon Chem Fire,* 558 F.3d 378, 392-93 (5th Cir. 2009)).  It states that a civil action removable solely on the basis of diversity jurisdiction may not be removed if any of the properly joined and served defendants is a citizen of the state in which the action is brought.  28 U.S.C. § 1441(b)(2).  "The forum defendant rule exists because removal based on diversity jurisdiction is intended to protect

---

[14] *Id.* at 2-3.
[15] *Id.* at 3-4.
[16] *Id.* at 4-6.

3

out-of-state defendants from possible prejudices in state court, but those concerns are absent in cases where the defendant is a citizen of the state in which the case is brought." *Stewart v. Auguillard Constr. Co.*, 2009 WL 5175217, at *3 (E.D. La. Dec. 18, 2009) (citing *Lively v. Wild Oats,* 456 F.3d 933, 940 (9th Cir. 2006)). "The purpose of the 'joined and served' requirement is to prevent a plaintiff from stopping removal by joining a resident defendant against whom it does not intend to proceed, and whom it does not serve." *Id.*

It is undisputed that Holmes, Nash, and Castillo were properly served defendants at the time of removal, and they are all Louisiana citizens, the state in which Carbajal brought the action (*i.e.,* the forum). Defendants removed the action on the basis of diversity subject-matter jurisdiction. But in the notice of removal they did not set out their contention that the forum-defendant rule (which otherwise plainly barred removal on the face of the complaint) did not apply due to the alleged improper joinder of the forum defendants.[17] Defendants thus failed to carry their burden of demonstrating in the notice of removal why removal was proper. Because the forum-defendant rule is procedural, not jurisdictional, an improper joinder argument made to eviscerate the operation of the rule would also be procedural, not jurisdictional, and subject to waiver if not timely raised.[18] And Defendants did not timely raise it as grounds for disregarding the forum-defendant rule so as to maintain the removal. Consequently, the Court finds that Defendants waived the improper joinder argument and, so, cannot defeat the forum-defendant rule's bar to removal.

---

[17] *See* R. Doc. 1.
[18] In other contexts, an improper joinder argument may bear upon a matter more directly related to subject-matter jurisdiction (*viz.,* complete diversity) and thus be unwaivable. *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.,* 818 F.3d 193, 210 (5th Cir. 2016) ("In considering whether a nondiverse party was improperly joined …, the court is *only* considering jurisdiction." (emphasis in original)); *Gonzalez v. Thaler,* 565 U.S. 134, 141 (2012) ("Subject-matter jurisdiction can never be waived or forfeited."). *But see Hessler v. Allstate Vehicle & Prop. Ins. Co.,* 2024 WL 3462418, at *3-4 & n.3 (S.D. Ala. June 6, 2024) (collecting cases holding that fraudulent joinder was waived as a basis for subject-matter jurisdiction when not timely raised in the notice of removal or 30-day removal period), *adopted,* 2024 WL 3913052 (S.D. Ala. Aug. 22, 2024).

Even if Defendants had not waived the improper joinder argument, it is not a foregone conclusion that the concept of improper joinder applies to the forum-defendant rule. The "improper joinder" doctrine arose in the jurisdictional context as "a narrow exception to the rule of complete diversity." *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011). It allows a court to ignore the citizenship of a nondiverse defendant to exercise diversity subject-matter jurisdiction if the removing defendant can establish "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (quotations omitted). There is a split among district courts within the Fifth Circuit regarding whether the improper joinder doctrine applies to the forum-defendant rule. *See Prutz v. One World Techs., Inc.*, 2024 WL 3174523, at *3 (M.D. La. June 6, 2024) (collecting and contrasting cases where district courts declined to extend the improper joinder analysis to the forum-defendant rule when the in-state defendant is otherwise diverse with cases where district courts applied the improper joinder doctrine to defeat the forum-defendant rule upon finding that the diverse forum defendants were improperly joined), *adopted*, 2024 WL 3171849 (M.D. La. June 25, 2024).[19] In *Prutz*, the district court then declined to apply the improper joinder doctrine to ignore the citizenship of the forum defendant, thereby, in its view, strictly construing the removal statute and resolving any doubt in favor of remand. *Id.* at *5.

While this route is also open to this Court, it need not take a side concerning the district court split because, even assuming *arguendo* that the improper joinder argument was not waived

---

[19] The first set of cases are grounded in the Fifth Circuit's decision refusing to extend the "improper joinder doctrine to procedural questions concerning party joinder." *Williams v. Homeland Ins. Co.,* 18 F.4th 806, 814-17 (5th Cir. 2021) (declining to adopt holding of *Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1355, 1360 (11th Cir. 1996)). The second set of cases largely set their anchor in the statutory language "properly joined," reasoning that this is the very determination to which the improper joinder doctrine is directed. *See, e.g., Rhino Shield Gulf S., LLC v. RSUI Grp., Inc.,* 2019 WL 142296, at *3 (E.D. La. Jan. 9, 2019).

5

and that the improper joinder doctrine extends to the forum-defendant rule, Defendants have not shown either actual fraud in the pleading of jurisdictional facts, or the inability of Carbajal to establish a cause of action against the forum defendants in state court. Defendants argue that Carbajal does not allege how or why SP+ owed her a duty or that any such duty was delegated to Holmes, Nash, or Castillo.[20] Under Louisiana law, an employee can be held personally liable for injuries to a third party when: (1) the employer owes a duty of care to the plaintiff and the breach of that duty caused the plaintiff's injury; (2) the duty is delegated by the employer to the defendant employee; (3) the defendant employee breached the duty through personal fault; and (4) the employee had a personal duty toward the injured plaintiff that was not delegated to some other employee, the breach of which specifically caused the plaintiff's damages. *Canter v. Koehring Co.*, 283 So. 2d 716, 721 (La. 1973); *Ford v. Elsbury*, 32 F.3d 931, 935-36 (5th Cir. 1994). Further, a plaintiff may allege a valid claim against an employee under Louisiana's general negligence principles. *Taylor v. PetSmart, LLC*, 2024 WL 4231366, at *6 (M.D. La. Sept. 3, 2024) (concluding that plaintiff alleged a valid claim under Louisiana's general negligence principles against employees who placed a box in her path, causing her to slip and fall), *adopted*, 2024 WL 4229944 (M.D. La. Sept. 18, 2024). "An employee's personal involvement in causing or contributing to the plaintiff's alleged injuries is generally sufficient to state a claim for personal liability." *Smith v. L'Auberge Casino & Hotel Baton Rouge*, 2024 WL 36008, at *4 (M.D. La. Jan. 3, 2024) (collecting cases). Here, Carbajal has alleged a facially valid negligence claim under Louisiana law against Holmes, Nash, or Castillo, the SP+ employees who allegedly lost control of her wheelchair, precipitating her fall down the escalator. They were all allegedly personally involved in the actions that caused Carbajal's injuries. Thus, the Court cannot say that they were

---

[20] R. Doc. 13 at 4-6

improperly joined. Because the citizenship of the in-state defendants, then, cannot be ignored, the forum-defendant rule bars removal.

## IV.     CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Carbajal's motion to remand (R. Doc. 9) is GRANTED, and this matter is REMANDED to the 24th Judicial District Court, Parish of Jefferson, State of Louisiana.

IT IS FURTHER ORDERED that Carbajal's motion is DENIED as to an award of attorney's fees under 28 U.S.C. § 1447(c), because it cannot be said that Defendants did not have an objectively reasonable basis to seek removal.

New Orleans, Louisiana, this 20th day of February, 2025.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE